**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. PIRECE DIVISION**

**IN ADMIRALTY**

**CASE NO.:**

**In the Matter of the Complaint of John McCarthy as owner of the 2003, 32' Donzi Motor Vessel Bearing Hull Identification No. DNAF4015A303, for Exoneration from or Limitation of Liability.**

**Petitioner.**
______________________________________/

**PETITION FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, JOHN MCCARTHY (hereinafter, "Petitioner"), pursuant to 46 U.S.C. §30511, et. seq., hereby files this Petition for Exoneration From or Limitation of Liability and alleges:

**JURISDICTION AND VENUE**

1. At all material times, Petitioner is, and was, the owner of a 2003, 32' Donzi motor vessel bearing hull identification number DNAF4015A303 (hereinafter, "Vessel").

2. The Vessel is a recreational seagoing vessel as defined by 46 U.S.C. § 30506(a).

3. The underlying incident arises from a March 26, 2026 event where the Vessel came into contact with waves much larger than forecasted while traversing the St. Lucie Inlet.

4. The purpose of the voyage was to engage in the traditional maritime activity of fishing in the Atlantic Ocean.

5. The subject incident occurred upon the navigable waters of the United States.

6. It is claimed that the incident caused personal injuries to two guests aboard the Vessel, and therefore, the incident had the potential to disrupt maritime commerce.

7. This Court has admiralty subject matter jurisdiction pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

8. The Vessel is currently located within the jurisdictional limits of the Ft. Pierce Division of the United States District Cour for the Southern District of Florida.

9. At the time of this Petition's filing, the Vessel has not been attached or arrested and the Petitioner has not been sued with respect to the Incident.

10. Venue is proper pursuant to Supplemental Admiralty Rule F(9).

**BASIS FOR EXONERATION OR LIMITATION**

11. On March 26, 2026, the Vessel was on a voyage from its home berth to the Atlantic Ocean for a fishing trip.

12. No freight was pending for the voyage.

13. Prior to the voyage, Petitioner reviewed the weather report.

14. While traversing through the St. Lucie Inlet for the purpose of entering the Atlantic Ocean, the Vessel encountered two large waves of approximately 10 to 15 feet which were much higher than forecasted.

15. Two guests aboard the Vessel, Mark Naro and Sarah Huff, indicated that they were injured from the Vessel's encounter with the waves.

16. On April 29, 2026, Sarah Huff, through legal counsel, provided Petitioner first written notice of a claim against him for personal injuries allegedly resulting from the March 26, 2026 Incident.

17. The March 26, 2026 Incident was not caused, or contributed to, by any fault, neglect, or lack of care on the part of the Petitioner, the Vessel, or other person for whom Petitioner was, or is, responsible. As such, Petitioner is entitled to be exonerated from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid with regard to the alleged March 26, 2026 Incident.

18. In the alternative, and without admitting liability, in the event Petitioner, the Vessel, or any other person for whom Petitioner is responsible is found liable to any Claimant, including Mark Naro and Sarah Huff, for the March 26, 2026 Incident, Petitioner is entitled to limit his liability to the post-incident value of the Vessel as provided in 46 U.S.C. §§30504-30512 and all laws supplementary thereto and amendatory thereof as such negligence or condition of the Vessel upon which fault was determined was not within the Petitioner's privity or knowledge.

19. The Vessel's value immediately after the incident is Sixty-Five Thousand Dollars ($65,000).

20. Petitioner will file security in appropriate form equal to that of his interest in the Vessel immediately after the incident and/or at close of the voyage, together with interest at the rate of 6% per annum, from the date of the alleged incident, and for costs for the benefit of any Claimant responding to this Complaint.

**WHEREFORE,** Petitioner prays:

A. This Honorable Court enters an Order approving the security filed by Petitioner equaling Petitioner's interest in the Vessel immediately after the incident and/or at the end of their scheduled voyage as described above or such other amount that may be lawfully ordered by the Court.

B. That upon filing of the security, the Court enter an Order directing issuance of a notice to all persons, firms, and corporations claiming damage for any and all losses, property damage, destructions, deaths, or injuries, resulting from the alleged incident on March 26, 2026, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on the attorney for Petitioner on or before the date fixed by the Court in the notice or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of their respective claims before this Court, and to appear and answer the allegations of this Complaint according to the law and rules and practices of this Court on or before a certain time to be fixed by the notice.

C. That upon filing security, the Court enter an Order staying prosecution of all suits and proceedings against Petitioner seeking to recover damages allegedly arising out of or resulting from the alleged incident of March 26, 2026, described above, and from this time forward restraining commencement of any suit, action, or legal proceeding of any claim arising out of the incident or voyage described above.

D. That the Court enter judgment that Petitioner and the Vessel are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the incident of March 26, 2026, or out of the voyage described herein and that accordingly Petitioner be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident; in the alternative, if such liability is found to exist, that Petitioner's liability be limited to the amount of the value of Petitioner's interest in the Vessel and pending freight immediately after the above-mentioned incident of March 26, 2026; and that the money or security paid be divided pro rata among such Claimants who duly prove their claims before this Court, saving to all parties any priorities they may be legally entitled to; and that a judgment and decree be entered discharging Petitioner and the Vessel of and from all further liability and forever enjoining and prohibiting filing and prosecution of any claims against Petitioner or their property in consequence of, or in connection with, the matters and happening referred to in this Complaint.

E. That Petitioner has such other and further relief, both equitable and general, to which it may show that it is justly entitled to receive.

**Dated: September 23, 2026**

*s/ RICHARD D. RUSAK*

Richard D. Rusak, Esq.
E-mail: richard.rusak@csklegal.com
Fla. Bar No. 614181
Attorney for Petitioner:
John McCarthy
Cole, Scott & Kissane, P.A.
9150 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (786) 268-6475